IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OSCAR MARQUEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-cv-1975-SMY |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

# ORDER

**YANDLE, District Judge:**

Petitioner Oscar Marquez, currently incarcerated at the USP Marion, Illinois, filed the instant action pursuant to 28 U.S.C. § 2241 (Doc. 1). He raises several claims for relief which are all related to his November 2020 conviction and sentence for cyberstalking and interstate violations of protection orders. *See U.S. v. Marquez*, No. 21-30134, 2022 WL 16849065 (9th Cir. Nov. 10, 2022). Specifically, Marquez asserts that the district court lacked jurisdiction over his criminal case and, therefore, his subsequent conviction and sentence must be vacated.

Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1] After reviewing the Petition, the undersigned concludes that this case is subject to dismissal.

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of

---

[1] Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Consequently, aside from the direct appeal process, a prisoner who has been convicted in federal court is limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Jones v. Hendrix,* 599 U.S. ––, ––, S.Ct. ––, 2023 WL 4110233, at *3 (2023). He may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Jones,* 2023 WL 4110233, at *3. Thus, Marquez must seek relief, if any, by filing a motion to vacate under § 2255 in the United States District Court for the District of Oregon – where he was sentenced.

Accordingly, Marquez's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) and Motion to Supplement (Doc. 5) are **DENIED** and this case is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  August 22, 2023**

**STACI M. YANDLE**
**United States District Judge**