IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OSCAR MARQUEZ,              ) | |
|                             ) | |
|            Petitioner,      ) | |
|                             ) | |
| vs.                         ) | Case No. 23-cv-1975-SMY |
|                             ) | |
| WARDEN,                     ) | |
|                             ) | |
|            Respondent.      ) | |

## ORDER

**YANDLE, District Judge:**

Petitioner Oscar Marquez, currently incarcerated at the USP Marion, Illinois, filed the instant action pursuant to 28 U.S.C. § 2241 (Doc. 1). He raised several claims for relief related to his November 2020 conviction and sentence for cyberstalking and interstate violations of protection orders. *See U.S. v. Marquez*, No. 21-30134, 2022 WL 16849065 (9th Cir. Nov. 10, 2022). This Court dismissed Marquez's habeas petition with prejudice pursuant to Rule 4 (Doc. 7). Now pending is Marquez's Motion to Alter Judgment (Doc. 9) and Motion to Supplement (Doc. 10).

A motion filed after judgment has been entered can be analyzed either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. When a substantive motion is filed within twenty-eight (28) days of entry of judgment or order, courts will generally construe it as a motion pursuant to Rule 59(e); later filed motions will be construed under Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Because Marquez's motion was filed within 28 days of the entry of the August 22, 2023, Judgment, it is analyzed under Rule 59(e).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). Relief sought under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Motions for reconsideration are not appropriate vehicles for re-litigating arguments the Court previously rejected. *Sigworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir. 2007).

Here, Marquez makes the same arguments previously rejected by this Court and attempts to raise claims of legal error in his conviction and sentence – claims that must be raised in a § 2255 habeas petition, not a § 2241 habeas petition. He fails to identify any newly discovered case law or a manifest error of law or fact committed by the Court. Therefore, the Motion to Alter Judgment (Doc. 9) and Motion to Supplement (Doc. 10) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:** October 13, 2023

*[signature]*

**STACI M. YANDLE**
**United States District Judge**